**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| JAQUEL M. JONES, | * | |
| Plaintiff, | * | |
|  | * | |
| v. | * | Civil No. 26-1268-BAH |
| HEATHER PIPPIN ET AL., | * | |
| Defendants. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Jaquel M. Jones ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.  Plaintiff has also filed a motion to accept filings, ECF 7, a motion for remote participation, ECF 8, a request for reasonable accommodation, ECF 9, a request for waiver of costs, ECF 10, a status update, ECF 11, a record request regarding rent ledger (which appears to be a request directed to Defendants), ECF 12, and a notice of dispute regarding prior housing filings, ECF 13.  Several of these documents are filed on state court forms.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).  The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege

facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, as written, Plaintiff's complaint fails to state a claim upon which relief can be granted. She will be directed to file an amended complaint that complies with the below directions.

Plaintiff brings suit against defendants Heather Pippin of Ingerman Parkland Apartments, LLC, the Housing Authority, and Ingerman Management. *See* ECF 1, at 2–3. She appears to allege housing discrimination. *Id.* at 6. She lists the basis for this Court's jurisdiction "disability reasonable accommodation requeste[d]/needed," "retaliation/intimidation/interference for exercising fair housing rights," "Housing Authority tying vo[u]cher stability to eviction outcome with out FHEO/HUD status confirmation." *Id.* at 4 (capitalization altered). Under "Statement of the Claim," Plaintiff appears to include a list of attachments, but that section does not contain a statement of Plaintiff's allegations. *See id.* at 6. As relief, Plaintiff appears to "seek early resolution [and] conciliation/settlement objective." *Id.* at 7.

Attached to the complaint are documents that appear to be correspondence Plaintiff has sent to various offices of the Department of Housing and Urban Development as well as documents related to Case No. D-032-CV-25-010909, which, based on the documents submitted, appears to be a closed landlord-tenant matter that was pending in the District Court of Maryland for Cecil County. *See* ECF 1-2. Plaintiff has also filed a number of other documents, which the Court has reviewed. *See* ECFs 11, 12, 13.

Based on her submissions, the Court gleans that Plaintiff appears to be attempting to bring a reasonable accommodation, discrimination, and/or retaliation claim under the Fair Housing Act ("FHA"). The FHA prohibits discrimination "against any person . . . in the provision of services

or facilities in connection with [a] dwelling, because of a handicap of . . . that person." 42 U.S.C. § 3604(f)(2)(A).

"A plaintiff seeking to prove disability discrimination under Section 3604(f) must [ ] show: (1) that [she] is handicapped and (2) that [she] was either discriminated against because of [her] handicap or denied a reasonable accommodation necessary to allow [her] the same use and enjoyment of [her] dwelling as other non-handicapped persons." *Affinity Recovery Ctr., LLC v. Town Commissioners of Sudlersville*, Civ. No. 23-00714-LKG, 2024 WL 149835, at *6 (D. Md. Jan. 12, 2024) (citing *Roberson v. Graziano*, Civ. No. WDQ-09-3038, 2010 WL 2106466, at *2 (D. Md. May 21, 2010), *aff'd*, 411 F. App'x 583 (4th Cir. 2011)), *aff'd,* No. 24-1078, 2025 WL 1720512 (4th Cir. June 20, 2025).

The FHA also "make[s] it unlawful to 'refus[e] to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [an individual with a disability] equal opportunity to use and enjoy a dwelling.'" *Grp. Home on Gibson Island, LLC v. Gibson Island Corp.*, 144 F.4th 522, 532 (4th Cir. 2025) (alterations in original) (quoting 42 U.S.C. § 3604(f)(3)(B)). "To prevail on a[n] FHA discrimination claim, based upon denial of a reasonable accommodation, a plaintiff must show that 'the proposed accommodation is: (1) reasonable and (2) necessary (3) to afford handicapped persons equal opportunity to use and enjoy housing.'" *Affinity Recovery Ctr.*, 2024 WL 149835, at *6 (quoting *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 272 (4th Cir. 2013)) (citing *Bryant Woods Inn, Inc. v. Howard Cnty.*, 124 F.3d 597, 603–04 (4th Cir. 1997)). "Because the FHA's text evidences no intent to alter normal burdens, the plaintiff bears the burden of proving each of these three elements by a preponderance of the evidence." *Bryant Woods Inn*, 124 F.3d at 604 (citing *Elderhaven, Inc. v. City of Lubbock,* 98 F.3d 175, 178 (5th Cir. 1996)).

"To state a claim for retaliation under 42 U.S.C. § 3617 of the FHA, [Plaintiff] must establish that (1) she was engaged in protected activity; (2) [her landlord] was aware of that activity; (3) [her landlord] took adverse action against her; and (4) a causal connection existed between the protected activity and the asserted adverse action." *Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 98 (4th Cir. 2016) (citing *King v. Rumsfeld,* 328 F.3d 145, 150–51 (4th Cir. 2003)).

Plaintiff's complaint itself contains little, if any, factual allegations that add up to the above claims.  A review of the supporting documents certainly adds context, but her precise claims remain unclear.  For example, the Court is unable to determine whether Plaintiff is currently trying to negotiate a reasonable accommodation with her landlord or whether she is alleging that she has been denied such an accommodation already.  It is also not clear from the complaint itself what Plaintiff's disability is, what accommodation she has requested, what protected activity she engaged in (or when), and what adverse action her landlord has taken.  The Court is not "required to scour through Plaintiff's attachments in an attempt to cobble together the facts that could support" the claims, thereby "transform[ing] itself into an advocate on Plaintiff's behalf." *Campbell v. StoneMor Partners, LP*, No. 3:17-CV-407, 2018 WL 3451390, at *4 (E.D. Va. July 17, 2018), *aff'd,* 752 F. App'x 166 (4th Cir. 2019); *see also Saunders v. Jividen*, No. 2:21-CV-00250, 2024 WL 3307849, at *7 (S.D. W. Va. May 24, 2024) ("While Plaintiff's complaint must be read liberally, the court is "not required to piece together causes of action from fragmentary factual recitations." (citing *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996))), *report and recommendation adopted,* No. 2:21-CV-00250, 2024 WL 2974378 (S.D. W. Va. June 13, 2024).

Because Plaintiff proceeds pro se and has potentially cognizable claims, she will be afforded an opportunity to file an amended complaint.  *See Johnson v. Silvers*, 742 F.2d 823, 825

(4th Cir. 1984). In drafting her amended complaint, Plaintiff should, to the best of her ability, provide the dates and locations of the relevant events (using the above-described elements as a guide), describe the specific actions each defendant personally took or failed to take which resulted in the alleged violations, and state her requested relief. To comply with the Federal Rules of Civil Procedure, the complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief. Fed. R. Civ. P. 8(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's amended complaint will replace all previous complaints and supplements filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the amended complaint required by this order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer.

The Court now turns to briefly address Plaintiff's remaining filings. Plaintiff has filed a motion to accept filings and "consider ADA accommodation due to medical necessity & housing

5

instability." ECF 7, at 1. The Court notes that while many of Plaintiff's filings have been accepted and placed on the case docket, several have been returned to her as undocketed because they do not include an original wet signature. *See* ECFs 4, 5, and 6. The Court's Local Rules require that "the Clerk [ ] accept for filing only documents signed by [the pro se] party" submitting the documents. *See* Loc. R. 102.1(a)(ii) (D. Md. 2025). The Clerk has accepted and docketed filings received from Plaintiff that do not themselves contain a wet signature but that were mailed in the same envelope as documents that *did* contain the required signature. Plaintiff is reminded of her obligation to adhere to the Local Rules. It is otherwise not clear what accommodation Plaintiff seeks from the Court in this motion. As such, to the extent the filings attached to the motion have already been accepted and docketed, her motion will be granted. The motion will otherwise be denied.

Plaintiff's motion for remote participation, ECF 8, will be denied as premature, as no hearings have been scheduled in this matter. *See* Loc. R. 105.6 ("Unless otherwise ordered by the Court, . . . all motions shall be decided on the memoranda without a hearing."). Plaintiff's request for reasonable accommodation appears to go to the merits of her claim. ECF 9, at 1 (noting that she requires "stable housing conditions" and "continuous electrical access to safely operate"). As such, it will be denied without prejudice, pending resolution of Plaintiff's claims. Plaintiff's request for waiver of costs, ECF 10, will be denied as moot because the Court is granting her motion for leave to proceed in forma pauperis, ECF 2, and thus she will not be required to pay the civil case filing fee.

Accordingly, it is this 28th day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2.  Plaintiff's motion to accept filings, ECF 7, is GRANTED IN PART AND DENIED IN PART as described herein;

3.  Plaintiff's motion for remote participation, ECF 8, is DENIED as premature;

4.  Plaintiff's request for reasonable accommodation, is DENIED without prejudice because the request goes to the merits of her claims;

5.  Plaintiff's request for waiver of costs, ECF 10, is DENIED as moot;

6.  Plaintiff IS GRANTED 21 days from the date of this order to file an amended complaint as directed above;

7.  Plaintiff IS FOREWARNED that failure to comply with this order in the time specified will result in dismissal of this case without further notice; and

8.  The Clerk SHALL PROVIDE a copy of this order to Plaintiff.


_____/s/_____
Brendan A. Hurson
United States District Judge

7